## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION – AKRON, OHIO

| | | |
|---|---|---|
| Beverley Graybill, | * | |
| On behalf of herself and those similarly situated, | * | |
| | * | |
| Plaintiff, | * | Case No. 5:18-cv-2618 |
| | * | |
| v. | | Magistrate Judge Kathleen B. Burke |
| | * | |
| Tekfor, Inc. | | **JURY DEMAND ENDORSED HEREON** |
| c/o CC&J Agents, Inc. | * | |
| 225 N. Market Street | | |
| Wooster, Ohio 44691 | * | |
| | | |
| Defendant. | * | |

### PLAINTIFF'S COLLECTIVE AND CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT AND OHIO LAW

Now comes Plaintiff Beverly Graybill ("Named Plaintiff" or "Plaintiff"), by and through undersigned counsel, individually and on behalf of other members of the general public similarly situated, for her Complaint against Defendant, Tekfor, Inc. ("Defendant" or "Tekfor") for its failure to pay employees overtime wages seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the Ohio Minimum Fair Wage Standards Act, O.R.C. 4111.03, and 4111.08 ("the Ohio Wage Act"); and the Ohio Prompt Pay Act ("OPPA"), Ohio Rev. Code § 4113.15 (the Ohio Wage Act and the OPPA will be referred to collectively as "the Ohio Acts"). Named Plaintiff's FLSA claims are asserted as a collective action pursuant to 29 U.S.C. § 216(b), while the Ohio Acts claims are asserted as a class action under Rule 23. The following collective and class action allegations are based on personal knowledge as to the Named

Plaintiff's own conduct and are made on information and belief as to the acts of others. Named Plaintiff, individually and on behalf of others similarly situated, hereby states as follows:

## I.    JURISDICTION AND VENUE

1.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 for violations of the FLSA.

2.      This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. § 1367, as this Complaint raises additional claims pursuant to the laws of Ohio (the Ohio Acts) over which this Court maintains supplemental subject matter jurisdiction because they form a part of the same case or controversy.

3.      Venue is proper in this forum pursuant to 28 U.S.C. §1391, as a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the Northern District of Ohio, and Defendant has its principal place of business or it otherwise conducted substantial business in the Northern District of Ohio.

## II.    PARTIES

4.      Named Plaintiff is an individual, United States citizen, and resident of this judicial district in the State of Ohio.

5.      Named Plaintiff worked as an hourly, non-exempt "employee" of Defendant as defined in the FLSA and the Ohio Acts in the packaging department beginning in or around April of 2012 and is still presently employed as of the filing of this Complaint.

6.      During her employment with Defendant, Named Plaintiff was not fully and properly paid in accordance with the minimum requirements of the FLSA and Ohio Wage Act for all of her compensable hours worked because (i) Defendant did not properly calculate overtime based on her ***regular rate of pay***, as defined by the FLSA, but instead calculated overtime based

on her hourly rate of pay, and (ii) Defendant calculated Plaintiff's compensable hours worked by using an Unlawful Rounding Policy/Practice ("Rounding Policy").

7. Defendant's failure to properly calculate overtime based on Plaintiff's ***regular rate of pay*** and its improper Rounding Policy resulted in unpaid overtime wages for the three years preceding the filing date of this Complaint and continuing until trial (three years preceding this filing date hereinafter "Relevant Time Period").

8. Named Plaintiff brings this action on behalf of herself and on behalf of those similarly situated and has given her written consent to bring this action to collect unpaid overtime compensation under the FLSA. Named Plaintiff's consent is being filed along with the Complaint pursuant to 29 U.S.C. §216(b). (*Consent to be Party Plaintiff*, attached hereto as **Exhibit A**).

9. Defendant is a foreign corporation formed under the laws of the State of Delaware.

10. Defendant is registered to do business in the State of Ohio.  Defendant regularly conducts business in the State of Ohio.

11. Defendant's statutory agent is CC&J Agents, Inc., 225 N. Market St, Wooster, Ohio 44691.

12. Defendant manufactures precision machine parts.

13. At all times relevant, Defendant has been an "employer" as that term is defined by the FLSA and the Ohio Acts.

14. During relevant times, Defendant maintained control, oversight, and direction over Named Plaintiff and other similarly situated employees, including the promulgation and enforcement of policies affecting the payment of wages and overtime.

15. During relevant times, Defendant has benefitted from the work performed by Named Plaintiff and those similarly situated.

16.     Upon information and belief, Defendant operated/operate and controls an enterprise and employs employees engaged in commerce or in the production of goods for commerce, or has had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and Defendant has had an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

17.     Upon information and belief, Defendant, at all times relevant hereto, was fully aware of the fact that it was legally required to comply with the wage and overtime laws of the United States and of the State of Ohio.

### III.     STATEMENT OF FACTS

18.     All of the preceding paragraphs are realleged as if fully rewritten herein.

19.     During her employment with Defendant, Named Plaintiff and other similarly situated employees were not fully and properly paid for all of their compensable hours worked because (i) Defendant did not properly calculate their regular rate of pay for the purposes of meeting the minimum requirements set forth in the FLSA, and (ii) Defendant calculated Plaintiff's compensable hours worked by using an Unlawful Rounding Policy/Practice, resulting in unpaid overtime wages.

20.     Defendant pays Named Plaintiff and other similarly situated employees an hourly wage for hours worked (hereinafter "Base Hourly Wage").

21.     In addition to the Base Hourly Wage, Defendant pays its employees with additional forms of remuneration which should have been included in the calculation of employees' regular rate of pay for overtime compensation, including shift differentials for working certain hours/shifts and reoccurring incentive payments pursuant to the Company's Incentive Compensation Program

or "Performance Incentives" (hereinafter shift differentials and Performance Incentives will be referred to as "Additional Remuneration"). *See* 29 C.F.R §§ 778.207(b); 778.211(c).

22.     During the last three years preceding the filing of this Complaint, Named Plaintiff and other similarly situated employees regularly received their Base Hourly Wage and Additional Remuneration as described above in various workweeks.

23.     When Defendant paid Named Plaintiff and other similarly situated employees both their Base Hourly Wage and Additional Remuneration, Defendant failed to properly calculate their employees' regular rate of pay for the purposes of overtime pay because Defendant did not include the Additional Remuneration in its regular rate calculations. Consequently, Defendant failed to properly compensate Named Plaintiff and other similarly situated employees the overtime wages they were due in accordance with the minimum requirements of the FLSA.

24.     Instead, Defendant paid Named Plaintiff and other similarly situated employees overtime compensation at one and one-half times their **Base Hourly Wage**, and not one and one-half times their ***regular rate of pay***, as that phrase is defined under the FLSA. *See* 29 U.S.C. § 207(e).

25.     Additionally, upon information and belief, all of Defendant's hourly, non-exempt workers are subject to Defendant's timekeeping system.

26.     Defendant, during all times relevant, has operated its Wooster, Ohio facility with hundreds of employees subject to the timekeeping system, including Named Plaintiff.

27.     Defendant's hourly, non-exempt workers clock in and clock out upon entering and leaving Defendant's facility before and after their scheduled shifts.

28.     Under federal regulations, rounding practices are only lawful so long as they are used in such a manner that will not result, over a period of time, in failure to compensate an

employer's employees properly for all the time they have actually worked. *See* 29 C.F.R. § 785.48(b).

29.     However, despite Defendant's timekeeping system capturing the time that Defendant's hourly, non-exempt workers have spent working, the timekeeping fails to compensate these workers for such time.

30.     Instead, Defendant's Rounding Policy systematically rounds the hourly, non-exempt workers entries to reduce their compensable time. In many cases, the Rounding Policy systematically rounded the hourly, non-exempt workers' time entries to their assigned start times and end times, no matter what time the employees actually punched in or out.

31.     Defendant's Rounding Policy has consistently resulted in unpaid overtime wages to Plaintiff and the putative class members because it unlawfully reduces the compensable hours Defendant's hourly, non-exempt workers work. Then, these workers are only paid for less compensable hours than they actually work.

32.     Upon information and belief, Defendant, at all times relevant hereto, was fully aware of the fact that it was legally required to comply with the wage and overtime payment laws of the United States and of the State of Ohio by (i) including the Additional Remuneration in its regular rate calculations, and (ii) maintaining accurate clock-in/clock-out timekeeping records and paying workers based upon such records instead of its Rounding Policy that reduced the actual compensable hours of its hourly, non-exempt workers.

33.     During relevant times, Defendant had knowledge of and acted willfully regarding its conduct described herein.

34.     Defendant is in possession and control of necessary documents and information from which Named Plaintiff would be able to precisely calculate damages.

35.     For the three years preceding this filing, Defendant applied the same pay practices and policies to all hourly, non-exempt employees, including Named Plaintiff.

36.     Named Plaintiff and other similarly situated employees have not been fully and lawfully compensated for all of their compensable hours worked due to the aforementioned policies and practices of not paying employees the correct overtime rate for all hours worked over 40 in a workweek.

37.     Defendant knew or should have been aware that Named Plaintiff and other similarly situated employees worked in excess of forty (40) hours in a workweek and were entitled to be paid an overtime rate based on their ***regular rate of pay***, as that phrase is defined under the FLSA, and were also entitled to be paid based on accurate clock-in/clock-out records for all compensable work hours, but it willfully elected not to fully compensate its employees during all times relevant.

## IV.     COLLECTIVE ACTION ALLEGATIONS

### A. 216(b) Collective Action for Unpaid Overtime Wages Due to Defendant's Rounding Policy.

38.     Named Plaintiff brings her FLSA claims pursuant to 29 U.S.C. § 216(b) as a representative action on behalf of herself and all other similarly situated employees of the opt-in class, consisting of:

> All current and former hourly, non-exempt employees of Defendant who during the previous three years have worked at least forty hours in any workweek, but were not fully compensated for all hours worked due to Defendant's Rounding Policy (the "§216(b) Class" or the "§216(b) Class Members").

39.     This FLSA claim is brought as an "opt-in" collective action pursuant to 29 U.S.C. §216(b) as to claims for overtime compensation withheld in violation of the FLSA, liquidated damages, and attorneys' fees.

40.     In addition to the Named Plaintiff, the putative §216(b) Collective Class Members have been denied overtime compensation due to Defendant's company-wide payroll policy and practice of not fully and properly compensating their employees during workweeks when they worked more than forty (40) hours by using an illegal Rounding Policy that systematically rounds the hourly, non-exempt workers' time entries to reduce their compensable time. Defendant instead should have compensated its hourly, non-exempt workers based on accurate clock-in/clock-out records for all compensable work hours.

41.     Defendant failed to meet the minimum requirements of the FLSA by not paying Named Plaintiff and the putative §216(b) Collective Class Members all overtime wages owed to them in workweeks when they worked more than forty (40) hours by using its illegal Rounding Policy.

42.     The identity of the putative §216(b) Collective Class Members are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action and allowed to opt into it pursuant to 29 U.S.C. §216(b), for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

43.     The net effect of Defendant's policies and practices is that Defendant willfully failed to fully and properly pay Named Plaintiff and §216(b) Collective Class Members overtime wages. Thus, Defendant enjoyed substantial profits at the expense of the Named Plaintiff and §216(b) Collective Class Members.

**B. Fed.R.Civ. P. 23 Class Action for Unpaid Overtime Wages Due to Defendant's (i) Regular Rate Violations; and (ii) Rounding Policy.**

44.     Named Plaintiff brings her Ohio Wage Act claims pursuant to Fed.R.Civ.P. 23 as a class action on behalf of herself and all other similarly situated of the following class, consisting of:

> All current and former hourly, non-exempt employees of Defendant working in Ohio, who (i) did not join prior litigation but received a Base Hourly Wage and Additional Remuneration during any workweek that they worked over 40 hours in any workweek beginning three years preceding the filing date of this Complaint and continuing through the date of final disposition of this case; or who (ii) during the previous three years have worked at least forty hours in any workweek but were not fully compensated for all hours worked due to Defendant's Rounding Policy (the "Ohio Rule 23 Class", the "Rule 23 Class", or the "Ohio Rule 23 Class Members").

45.     During relevant times, Named Plaintiff and those Ohio Rule 23 Class Members who worked more than forty (40) hours per workweek were not correctly compensated at a rate of at least one and one-half times their correct ***regular rate of pay***, as that phrase is defined under the FLSA, for all hours worked in excess of 40 because of Defendant's policy and practice of not fully compensating its employees at the proper overtime rate during workweeks when they received additional forms of remuneration as described herein.

46.     During relevant times, Named Plaintiff and those Ohio Rule 23 Class Members who worked more than forty (40) hours per workweek also were not compensated for all overtime wages owed due to Defendant's illegal Rounding Policy that systematically rounds the hourly, non-exempt workers' entries to reduce their compensable time instead of calculating these workers' compensation based on accurate clock-in/clock-out records for all compensable hours worked.

47.     The Ohio Rule 23 Class, as defined above, is so numerous that joinder of all members is impracticable.

48.     Named Plaintiff is a member of the Ohio Rule 23 Class and her claims for unpaid wages are typical of the claims of other members of the Ohio Rule 23 Class.

49.     Named Plaintiff will fairly and adequately represent the Ohio Rule 23 Class and the interests of all members of the Ohio Rule 23 Class.

50.     Named Plaintiff has no interest that is antagonistic to or in conflict with those interests of the Ohio Rule 23 Class that she has undertaken to represent.

51.     Named Plaintiff has retained competent and experienced class action counsel who can ably represent the interests of the entire Ohio Rule 23 Class.

52.     Questions of law and fact are common to the Ohio Rule 23 Class.

53.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(1) because individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendant with respect to its non-exempt employees.

54.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) as Defendant acted or refused to act on grounds generally applicable to the Ohio Rule 23 Class, making appropriate declaratory and injunctive relief with respect to Named Plaintiff and the Ohio Rule 23 Class as a whole.

55.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) as the questions of law and facts common to the Ohio Rule 23 Class predominate over questions affecting individual members of the Ohio Rule 23 Class and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

56.     Questions of law and fact that are common to the Ohio Rule 23 Class include, but are not limited to: (a) whether Defendant violated the Ohio Wage Act by failing to pay the Ohio Rule 23 Class Members their correct overtime rate for all hours worked in excess of forty hours

per week as a result of Defendant's failure to properly calculate the Ohio Rule 23 Class Members' regular rate of pay when they received additional forms of remuneration and by further failing to pay all overtime wages owed by using an illegal Rounding Policy; (b) whether Defendant's violations of the Ohio Wage Act were knowing and willful; (c) what amount of unpaid and/or withheld overtime compensation is due to the Named Plaintiff and other members of the Ohio Rule 23 Class on account of Defendant's violations of the Ohio Wage Act; and (d) what amount of prejudgment interest is due to Ohio Rule 23 Class members on the overtime or other compensation which was withheld or not paid to them.

57. A class action is superior to individual actions for the fair and efficient adjudication of Named Plaintiff's and the Ohio Rule 23 Class' claims and will prevent undue financial, administrative and procedural burdens on the parties and the Court. Because the damages sustained by individual members are modest compared to the costs of individual litigation, it would be impractical for class members to pursue individual litigation against the Defendant to vindicate their rights. Certification of this case as a class action will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## V.  CAUSES OF ACTION

### COUNT I
### (FLSA – COLLECTIVE ACTION FOR UNPAID OVERTIME)

58. All of the preceding paragraphs are realleged as if fully rewritten herein.

59. This claim is brought as part of a collective action by the Named Plaintiff on behalf of herself and the §216(b) Collective Class Members.

60. During the relevant time period preceding this Complaint, Defendant employed the Named Plaintiff and the §216(b) Collective Class Members.

61.     Named Plaintiff and the §216(b) Collective Class Members were paid on an hourly basis when working in non-exempt positions.

62.     Named Plaintiff and the §216(b) Collective Class Members worked in excess of 40 hours in numerous workweeks during their employment.

63.     The FLSA requires that covered employees be compensated for every hour worked in a workweek.  *See* 29 U.S.C. § 206(b).

64.     The FLSA requires that non-exempt employees receive overtime compensation of one-and-one-half their regular rates of pay for hours worked in excess of forty (40) per week. *See* 29 U.S.C. § 207(a)(1).

65.     Named Plaintiff and the §216(b) Collective Class Members were not exempt from receiving FLSA overtime compensation.

66.     Named Plaintiff and the §216(b) Collective Class Members worked in excess of forty hours per week during all times relevant.

67.     Defendant violated the FLSA with respect to Named Plaintiff and the §216(b) Collective Class Members by, *inter alia*, failing to compensate them at one-and-one-half times their regular rates for all hours worked over forty (40) hours in a workweek when it failed to pay all overtime wages owed by using an illegal Rounding Policy.

68.     Defendant knew or should have known of the overtime payment requirements of the FLSA. Defendant willfully withheld and failed to pay the overtime compensation to which Named Plaintiff and the §216(b) Collective Class Members are entitled.

69.     The exact total amount of overtime compensation that Defendant failed to pay the Named Plaintiff and the §216(b) Collective Class Members is unknown at this time, as many of the records necessary to make such precise calculations are in Defendant's possession.

70.     As a direct and proximate result of Defendant's conduct, the Named Plaintiff and the §216(b) Collective Class Members have suffered and continue to suffer damages. The Named Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available, on behalf of herself and the §216(b) Collective Class Members.

<u>**COUNT II**</u>
**(R.C. § 4111.03 – RULE 23 CLASS ACTION FOR UNPAID OVERTIME)**

71.     All of the preceding paragraphs are realleged as if fully rewritten herein.

72.     This claim is brought under Ohio law, which incorporates the FLSA without limitation.

73.     The Named Plaintiff and the Ohio Rule 23 Class Members have been employed by Defendant and Defendant is an employer covered by the overtime requirements under Ohio law.

74.     Ohio law requires that employees receive overtime compensation "not less than one and one-half times" (1.5) the employee's regular rate of pay for all hours worked over forty (40) in one workweek, "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1937."  *See* R.C. § 4111.03(A); *see also* 29 U.S.C. § 207(a)(1).

75.     The Named Plaintiff and Ohio Rule 23 Class worked in excess of the maximum weekly hours permitted under R.C. § 4111.03 but were not correctly paid their overtime rate for all hours worked over 40 in a workweek in workweeks that they received Additional Remuneration as described herein.

76.     Defendant's company-wide corporate policy and/or practice of not properly paying its hourly, non-exempt employees the *correct* overtime rate for each hour worked over forty (40)

hours in workweeks that employees also received Additional Remuneration as described herein resulted in unpaid overtime wages for the Named Plaintiff and Ohio Rule 23 Class.

77.     Moreover, Defendant maintains a company-wide corporate policy and/or practice of not properly paying its hourly, non-exempt employees in failing to pay all overtime wages owed by using an illegal Rounding Policy. The use of the Rounding Policy has also resulted in unpaid overtime wages for the Named Plaintiff and Ohio Rule 23 Class.

78.     Named Plaintiff and those similarly situated Ohioans were not exempt from the wage protections of Ohio law.

79.     Defendant violated the Ohio Wage Act with respect to Named Plaintiff and the Ohio Rule 23 Class by, *inter alia*, (i) failing to compensate them at time-and-one-half times their correct regular rates of pay for hours worked over forty (40) hours in a workweek because Defendant did not properly calculate its employees' overtime rate when they received Additional Remuneration as described herein; and (ii) failing to pay all overtime wages owed by using an illegal Rounding Policy.

80.     The Named Plaintiff and the Ohio Rule 23 Class were not exempt from the wage protections of Ohio law.

81.     Defendant's repeated and knowing failure to pay overtime wages to the Named Plaintiff and those similarly situated Ohioans were violations of R.C. §4111.03, and as such, Defendant acted willfully.

82.     For Defendant's violations of R.C. §4111.03, by which the Named Plaintiff and those similarly situated Ohioans have suffered and continue to suffer damages; the Named Plaintiff and those similarly situated Ohioans seek unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available.

<u>**COUNT III**</u>
**(R.C. § 4113.5 – RULE 23 CLASS ACTION FOR VIOLATIONS OF THE OHIO
PROMPT PAY ACT)**

83.     All of the preceding paragraphs are realleged as if fully rewritten herein.

84.     During relevant times, Named Plaintiff and the Ohio Rule 23 Class Members have been employed by Defendant.

85.     During relevant times, Defendant was an entity covered by the OPPA and the Named Plaintiff and the Ohio Rule 23 Class Members have been employed by Defendant within the meaning of the OPPA.

86.     The OPPA requires Defendant to pay Named Plaintiff and Ohio Rule 23 Class all wages, including unpaid overtime, on or before the first day of each month, for wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned by them during the last half of the preceding calendar month. *See* R.C. § 4113.15(A).

87.     During relevant times, Named Plaintiff and the Ohio Rule 23 Class were not paid all wages, including overtime wages at one and one-half times their regular rate of pay as described herein within thirty (30) days of performing the work. *See* R.C. § 4113.15(B).

88.     The Named Plaintiff and the Ohio Rule 23 Class Members' unpaid wages remain unpaid for more than thirty (30) days beyond their regularly scheduled payday.

89.     The Named Plaintiff and the Ohio Rule 23 Class Members have been harmed and continue to be harmed by such unpaid wages.

90.     In violating the OPPA, Defendant acted willfully, without a good faith basis, and with reckless disregard of clearly applicable Ohio law.

VI.    **PRAYER FOR RELIEF**

**WHEREFORE**, as to **Count I**, Named Plaintiff and other members of the § 216(b) Class pray for an Order against Defendant as follows:

A.        Certifying the proposed FLSA collective action;

B.        Directing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the §216(b) Class apprising them of the pendency of this action and permitting them to timely assert their rights under the FLSA;

C.        A declaratory judgment that Defendant's payroll policy or practice of failing to pay all overtime wages owed by using an illegal Rounding Policy as described herein violates the FLSA;

D.        Judgment against Defendant for damages for all unpaid overtime compensation owed to Named Plaintiff and the §216(b) Class during the applicable statutory period under the FLSA due to Defendant's illegal Rounding Policy and continuing through trial;

E.        Judgment against Defendant for liquidated damages pursuant to the FLSA in an amount equal to all unpaid overtime compensation owed to Named Plaintiff and all other similarly situated employees during the applicable statutory period under the FLSA and continuing through trial;

F.        Directing Defendant to pay reasonable attorney's fees and all costs connected with this action;

G.        Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

H.        Judgment for all civil penalties to which Named Plaintiff and all other similarly situated employees may be entitled; and

I.      Such other and further relief as to this Court may deem necessary, just or proper.

**WHEREFORE**, as to **Counts II** and **III**, Named Plaintiff requests judgment against Defendant for violations of the Ohio Acts, and for an Order as follows:

J.      Awarding to the Named Plaintiff and the Ohio Rule 23 Class Members unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by Ohio law;

K.      Awarding Named Plaintiff and the Ohio Rule 23 Class Members costs and disbursements and reasonable allowances for fees of counsel and experts, and reimbursement of expenses;

L.      Awarding Named Plaintiff, the Ohio Rule 23 Class Members such other and further relief as the Court deems just and proper;

M.      Awarding judgment against Defendant for liquidated damages pursuant to the OPPA in an amount equal to six percent (6%) of all unpaid overtime compensation owed to the Named Plaintiff and the Ohio Rule 23 Class Members during the applicable statutory period; and

N.      Issuing an injunction prohibiting Defendant from engaging in present, ongoing and future violations of the Ohio Acts.


Respectfully Submitted,

| | |
|---|---|
| */s/ Matthew J.P. Coffman* | */s/ Peter A. Contreras* |
| Matthew J.P. Coffman (0085586) | Peter Contreras (0087530) |
| **COFFMAN LEGAL, LLC** | **Contreras Law, LLC** |
| 1550 Old Henderson Road | PO Box 215 |
| Suite 126 | Amlin, Ohio 43002 |
| Columbus, Ohio 43220 | Phone: 614-787-4878 |
| Phone: 614-949-1181 | Fax: 614-923-7369 |
| Fax: 614-386-9964 | Email: peter.contreras@contrerasfirm.com |
| Email: mcoffman@mcoffmanlegal.com | |

*Attorneys for Named Plaintiffs and those similarly situated*

## **JURY DEMAND**

Plaintiff requests a trial by a jury of twelve (12) persons.

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman