## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| **BEVERLEY GRAYBILL, on behalf of herself and others similarly situated,** ) | CASE NO. 5:18-cv-2618 |
| ) | |
| ) | MAGISTRATE JUDGE KATHLEEN B. BURKE |
| Plaintiffs, ) | |
| ) | |
| vs. ) | **JOINT MOTION FOR APPROVAL OF SETTLEMENT AND STIPULATION OF DISMISSAL WITH PREJUDICE** |
| ) | |
| **TEKFOR, INC.,** ) | |
| ) | |
| Defendant. ) | |
| ) | |

Brian Graybill, in his capacity as the Administrator of the Estate of Representative Plaintiff, Beverley Graybill[1] ("**Representative Plaintiff**"), and Defendant, Tekfor, Inc. ("**Defendant**"), respectfully move this Court to approve the Fair Labor Standards Act ("**FLSA**") settlement reached by the parties and memorialized in the Joint Stipulation of Settlement and Release ("**Settlement**") attached hereto as **Exhibit A**. The Settlement was reached by experienced counsel during arms-length, good faith negotiations. If approved, it will provide individual payments to seven[2] opt-in plaintiffs, including Representative Plaintiff. Attached hereto as **Exhibit B** is a proposed Order of Dismissal and Approving Settlement.

### I.     FACTUAL AND PROCEDURAL BACKGROUND.

####    A.     The Action and Settlement.

---

[1] During the pendency of this action and after the parties reached the underlying settlement, Plaintiff Beverley Graybill passed away. The Letters of Authority appointing her husband, Brian Graybill, as the administrator of her estate are attached to Exhibit A as Exhibit 2. On March 31, 2020, the Probate Division for the Court of Common Pleas of Wayne County, having reviewed the instant Joint Stipulation of Settlement and Release, granted Mr. Graybill the authority to settle the claims of the late Mrs. Graybill and to sign all necessary documents. *See* Entry authorizing Mr. Graybill to settle all claims as the Administrator of the late Mrs. Graybill's Estate, attached to Exhibit A as Exhibit 3. On equal date herewith, Mr. Graybill has moved the Court to be substituted as the proper party in this action.

[2] A total of thirteen individuals opted into this action. However, only seven of the thirteen had any alleged unpaid overtime that was due to them, as is explained in Section (I)(b).

Representative Plaintiff filed this action on behalf of herself and other similarly situated current and former employees of Defendant on November 13, 2018. She alleged that Defendant failed to include non-discretionary incentive payments in its hourly employees' regular rates of pay for purposes of computing overtime compensation. (Doc. No. 1.) She further alleged that Defendant calculated its hourly employees' compensable hours worked by using a rounding policy that resulted in unpaid overtime wages. Id.

On March 5, 2019, the Court entered an Order approving the parties' Revised Joint Motion and Stipulation of Conditional Certification. (Doc. No. 15.) In addition to the Representative Plaintiff, twelve current and former employees joined this action. These thirteen employees (including the Representative Plaintiff) will be referred to collectively as "**Plaintiffs**."

The parties thereafter worked towards reaching an early resolution of this case. To that end, Defendant produced payroll data necessary for a calculation of alleged damages for each of the Plaintiffs. Plaintiffs shared their damages calculation with Defendant. Defendant performed its own calculation of alleged damages, which it shared with Plaintiffs.

The parties have reached an agreement to settle this case for a total of $41,610.51.

**B**.   **The Settlement Terms.**

If approved by the Court, the Settlement will cover the thirteen Plaintiffs. (*See* **Exhibit A**). The total settlement amount is $41,610.51, which sum will cover: (a) all of the individual payments to the Plaintiffs; (b) Representative Plaintiff's service payment; and (c) Plaintiffs' counsel's attorneys' fees and expenses.

Of the total settlement amount, $14,110.51 will be divided into individual payments to the Plaintiffs. Each Plaintiff's individual payment is based on his/her alleged underpaid overtime during the (more than three-year) period of February 20, 2016, through May 24, 2019. Plaintiffs'

2

individual payments include an estimated 100% of their alleged underpaid overtime during that period resulting from Defendant's alleged failure to include non-discretionary incentive payments in its hourly employees' regular rates of pay, and Defendant's rounding policy. In addition, Plaintiffs' individual payments include an estimated 50% of alleged underpaid overtime during that same period for liquidated damages. Thus, each Plaintiff will receive an estimated 150% of his/her alleged underpaid overtime during a three year and three month period. The individual payments are provided in **Exhibit 1** to the Settlement.

Although thirteen individuals opted into this action, six of those individuals have no alleged unpaid overtime due to them. Of the thirteen individuals who opted into the action, seven (Kenneth Graden, Robin Bailey, Kimberly Fox, Kevin Mullens, Charles Jurenec, Shirley Smith and Timothy Davis) were opt-in plaintiffs in the prior collective action filed against Defendant, styled *Robin Bailey v. Tekfor, Inc.*, N.D. Ohio Case No. 5:18-cv-00771. The parties reached a settlement in that case, and the Court approved the Joint Stipulation of Settlement and Release on December 4, 2018. Pursuant to the Joint Stipulation of Settlement and Release, the opt-in plaintiffs released any unpaid overtime claims against Defendant that accrued on or before December 4, 2018. Kenneth Graden, Robin Bailey, Kevin Mullens, Charles Jurenec, Shirley Smith and Timothy Davis all ceased working for Defendant prior to December 4, 2018, and therefore they had no alleged unpaid overtime claims accruing after that time. The alleged unpaid wages due to them in the present action is $0.00. Kimberly Fox continued to work for Defendant after December 4, 2018. Her claim for alleged unpaid overtime is limited to any alleged unpaid overtime accruing after December 4, 2018.

Of the total settlement amount, $2,000.00 will be paid to Representative Plaintiff as a service payment, in addition to her individual payment. $25,500.00 of the settlement amount will

3

be paid to Plaintiffs' counsel for attorneys' fees and expenses ($24,242.43 in fees and $1,257.57 in expenses) incurred in the action.

In exchange for these payments and other consideration provided for in the Settlement, the action will be dismissed, and the Plaintiffs will release Defendant from all individual, class, and/or collective federal and state wage-and-hour claims, whether known or unknown, that were or could have been brought under FLSA and 4111 et seq., and/or other Federal, State, and local law whether the claims are bought or could have been brought in Court or through arbitration pursuant to a collective bargaining agreement, that were asserted in the action or that relate to, or arise from, the Defendant's alleged failure to include non-discretionary incentive payments in regular rate, Defendant's utilization of a rounding policy or Defendant's alleged failure to compensate employees for meal periods lasting less than thirty minutes, including but not limited to claims for unpaid wages, unpaid overtime compensation, compensatory damages, liquidated damages, punitive damages, or any other item of damages, interest, attorneys' fees, and expenses and agree that any payments approved by the Court will be the full, final and complete payment of all attorneys' fees, costs and expenses associated with their representation in this action.

## II.     THE PROPRIETY OF APPROVAL.

The Settlement is subject to approval by the Court pursuant to § 216(b) of the FLSA. As explained below, Court approval is warranted.

### A.     The Seven-Factor Standard Is Satisfied.

The court presiding over an FLSA action may approve a proposed settlement of the action under the FLSA § 216(b) "after scrutinizing the settlement for fairness." *Landsberg v. Acton Enterprises, Inc.*, 2008 WL 2468868 at *1 n.1 (S.D. Ohio June 16, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353-55 (11th Cir. 1982) (the court should determine

whether the settlement is "a fair and reasonable resolution of a bona fide dispute") (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S. Ct. 925, 928 n.8 (1946))).

As a district court in the Sixth Circuit has observed, "[t]he need for the court to ensure that any settlement of [an FLSA] action treats the plaintiffs fairly is similar to the need for a court to determine that any class-action settlement is 'fair, reasonable, and adequate.'"  *Crawford v. Lexington-Fayette Urban County Government*, 2008 WL 4724499, at *3 (E.D. Ky. Oct. 23, 2008). The Sixth Circuit uses seven factors to evaluate class action settlements, and the *Crawford* court applied those factors in assessing the fairness of an FLSA settlement:

> (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest.

*UAW v. General Motors Corp.*, 497 F.3d 615, 626 (6th Cir. 2007) (citing *Granada Invs., Inc. v. DWG Corp.*, 962 F.2d 1203, 1205 (6th Cir.1992); *Williams v. Vukovich,* 720 F.2d 909, 922-23 (6th Cir.1983)), *quoted in Crawford*, 2008 WL 4724499 at *3.  As shown below, this standard supports approval of the Settlement.

### 1. No Indicia of Fraud or Collusion Exists.

The parties' counsel each have experience litigating FLSA claims.  The Settlement was achieved only after arms-length and good faith negotiations between the parties.  As such, there is no indicia of fraud or collusion.

### 2. The Complexity, Expense and Likely Duration of Continued Litigation Favor Approval.

The policy favoring the settlement of collective actions and other complex cases applies with particular force here.  Employment cases in general, and wage-and-hour cases in particular,

are expensive and time-consuming. The parties continue to disagree about whether this FLSA claim, if established, would be subject to the two-year statute of limitations for unpaid compensation or whether the three-year limitations period would apply for willful violations under 29 U.S.C. § 255(a). Moreover, the parties continue to disagree about whether the Defendant's rounding policy deprived Plaintiffs' of overtime compensation. In addition, they disagree about whether Defendant acted in good faith.

If forced to litigate this case further, the parties would engage in complex, costly, litigation. The Settlement, on the other hand, provides substantial relief to Plaintiffs promptly and efficiently, and amplifies the benefits of that relief through the economies of collective resolution.

### 3. Investigation Was Sufficient to Allow the Parties to Act Intelligently.

The parties engaged in substantial investigation prior to negotiating the Settlement. The parties reviewed relevant documents and researched the applicable law and potential defenses. The parties also engaged in an informal exchange of limited discovery. Both parties performed an intensive review of payroll information for the Plaintiffs that was produced by Defendant.

### 4. The Risks of Litigation Favor Approval.

Counsel for both sides believe in the merits of their clients' positions, but nonetheless recognize that the litigation of claims is uncertain in terms of duration, cost, and result. Moreover, in the present case, Defendant raised affirmative defenses to Plaintiffs' claims, and the outcome of those defenses is uncertain as well. Continued litigation would be risky for all.

### 5. Uncertainty of Recovery Supports Approval.

Plaintiffs' range of possible recovery is also open to dispute. Even if Plaintiffs succeeded on the merits of their claims, the amount of recovery is uncertain and something upon which the parties continue to disagree.

### 6. Experienced Counsels' Views Favor Approval.

The parties' counsel are experienced in wage-and-hour collective and class actions, have acted in good faith, and have represented their clients' best interests in reaching the Settlement. Counsel support the Settlement as fair and reasonable, and in the best interest of the Plaintiffs as a whole. *See* **Exhibit C** (Coffman Dec. at ¶30) (Contreras Dec. at ¶28).

### B.     The Settlement Distributions Are Fair, Reasonable and Adequate.

As a part of the scrutiny it applies to an FLSA collective action settlement, "a court must ensure that the distribution of the settlement proceeds is equitable." *Crawford v. Lexington-Fayette Urban County Government*, 2008 WL 4724499 (E.D. Ky. Oct. 23, 2008) (citing *Ortiz v. Fibreboard Corp.,* 527 U.S. 815, 855 (1999). All components of the proposed distribution are proper and reasonable, and the Settlement as a whole is fair, reasonable and adequate for the Plaintiffs. *See* **Exhibit C** (Coffman Dec. at ¶30) (Contreras Dec. at ¶28).

### 1. The Individual Payments Are Reasonable and Adequate.

All individual payments will be calculated proportionally on each Plaintiff's alleged overtime damages during the period of February 20, 2016 through May 24, 2019. Plaintiffs' individual payments include an estimated 100% of their alleged underpaid overtime during that period resulting from Defendant's alleged failure to include non-discretionary incentive payments in its hourly employees' regular rates of pay, and Defendant's rounding policy. In addition,

7

Plaintiffs' individual payments include an estimated 50% of Plaintiffs' alleged underpaid overtime during that period for liquidated damages.

### 2. Representative Plaintiff's Service Award Is Proper and Reasonable.

Service awards to a representative plaintiff recognizing the value of his or her services on behalf of other participants are proper.  As stated in *In re Dunn & Bradstreet Credit Services Customer Litigation*, 130 F.R.D. 366 (S.D. Ohio 1990):

> Numerous courts have not hesitated to grant incentive awards to representative plaintiffs who have been able to effect substantial relief for classes they represent.

130 F.R.D. at 373 (citing *Wolfson v. Riley*, 94 F.R.D. 243 (N.D. Ohio 1981); *Bogosian v. Gulf Oil Corp.*, 621 F. Supp. 27, 32 (E.D. Pa. 1985); *In re Minolta Camera Products Antitrust Litigation*, 666 F. Supp. 750, 752 (D. Md. 1987)).

The courts recognize that "differentiation among class representatives based upon the role each played may be proper in given circumstances." *Dun & Bradstreet*, 130 F.R.D. at 374 (citing *In re Jackson Lockdown/MCO Cases*, 107 F.R.D. 703, 710 (E.D. Mich. 1985)).  *See also Enterprise Energy Corp. v. Columbia Gas Transmission Corp.*, 137 F.R.D. 240, 250 (S.D. Ohio 1991) (among the factors warranting incentive awards are the "time and effort spent" by the individuals in question and "whether these actions resulted in a substantial benefit to Class Members").

Representative Plaintiff contributed time, effort, and detailed factual information enabling the parties to successfully resolve this matter.  Her time and efforts support the requested service payment.

### 3. The Attorneys Fees and Expenses to Plaintiffs' Counsel Are Proper and Reasonable.

8

After the Court has confirmed that the terms of settlement are fair to Plaintiffs, it may review the parties' Settlement as to the provision of fees and costs to Plaintiffs' Counsel.  The Settlement reflects Defendant agreement to pay Plaintiffs' Counsel $25,500.00 in attorneys' fees and costs ($24,242.43 in fees and $1,257.57 in costs). This amount is $4,492.57 less than the actual fees and costs incurred by Plaintiffs' counsel in this case.  *See* **Exhibit C** (Coffman Dec. at ¶28) (Contreras Dec. at ¶26).

The attorneys' fees requested by Plaintiffs' counsel should not be altered because counsel efficiently resolved this case early on rather than prolonging the litigation and increasing their potential fees.  Had this case not settled, Plaintiffs' counsel would have vigorously litigated the case without any promise of success and compensation.  At every step of the litigation, Defendant could have succeeded.  Therefore, the Plaintiffs were at great risk for non-payment.  This risk of non-payment supports the amount requested here and warrants approval. *See* **Exhibit C** (Coffman Dec. at ¶35) (Contreras Dec. at ¶33).

### III.  CONCLUSION.

The parties submit that this Settlement is a fair and reasonable resolution of the disputed issues, which is consistent with the goal of securing the just, speedy, and inexpensive determination of every action.  Accordingly, the parties request that this Court: (1) enter the proposed Order of Dismissal and Approving Settlement; (2) approve Plaintiffs' counsel's request for attorneys' fees, costs, and expenses; (3) approve the Representative Plaintiff's Service Payment; and (4) retain jurisdiction to enforce the Settlement.

Respectfully submitted,

*/s/ Peter A. Contreras*
Peter Contreras (0087530)
**CONTRERAS LAW, LLC**
1550 Old Henderson Road
Suite 126
Columbus, Ohio 43220
Phone: 614-787-4878
Fax: 614-957-7515
peter.contreras@contrerasfirm.com

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman (0085586)
**COFFMAN LEGAL, LLC**
1550 Old Henderson Road
Suite 126
Columbus, Ohio 43220
Phone: 614-949-1181
Fax: 614-386-9964
mcoffman@mcoffmanlegal.com

*Attorneys for Named Plaintiffs and those similarly situated*

*/s/ J. Douglas Drushal*
J. Douglas Drushal (0016932)
Kimberly L. Hall (0090677)
**CRITCHFIELD, CRITCHFIELD & JOHNSTON, LTD.**
225 North Market Street, PO Box 599
Wooster, Ohio 44691
Phone: 330-264-4444
Fax: 330-263-9278
ddrushal@ccj.com; khall@ccj.com

*Attorneys for Defendant Tekfor, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on April 27, 2020, the foregoing was filed electronically with the Court. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/Peter A. Contreras*
Peter A. Contreras
*Attorney for Named Plaintiffs and those similarly situated*