# EXHIBIT A

# JOINT STIPULATION
# OF SETTLEMENT AND RELEASE

Subject to approval by the United States District Court for the Northern District of Ohio, Eastern Division ("District Court"), Plaintiff Beverley Graybill, by and through the acting administrator of her Estate, Brian Graybill, individually and on behalf of Plaintiff Graybill and the Opt-In Plaintiffs (defined herein), and Defendant Tekfor, Inc. ("Defendant"), agree to the terms of this Joint Stipulation of Settlement and Release.

## DEFINITIONS

1.      "Action" shall mean the civil action in the United States District Court for the Northern District of Ohio, Eastern Division entitled *Beverley Graybill v. Tekfor, Inc.*, Case No. 5:18-cv-2618.

2.      "Representative Plaintiff" shall mean Brian Graybill as the administrator of the Estate of Beverley Graybill.[1]

3.      "Defendant" shall mean Tekfor, Inc. and all of its former, current and prospective officers, directors, employees, agents, attorneys, insurers, parents, predecessors, successors, subsidiaries, representatives, assigns and related and affiliated entities.

4.      "Plaintiffs" shall consist of Representative Plaintiff and the "Opt-In Plaintiffs."

5.      "Opt-In Plaintiffs" consist of the thirteen individuals identified in **Exhibit 1** who joined the Action following the distribution of a Court-authorized notice.

6.      "Parties" shall mean the Plaintiffs and Defendant, and "Party" shall mean any one of the Parties.

7.      "Plaintiffs' Counsel" are Peter A. Contreras and Matthew J.P. Coffman. "Defendant's Counsel" are J. Douglas Drushal and Kimberly L. Hall of Critchfield, Critchfield & Johnston, Ltd.

8.      "Settlement" or "Agreement" shall mean this Joint Stipulation of Settlement and Release.

## RECITALS

---

[1] During the pendency of this action and after the parties reached the underlying settlement, Plaintiff Beverley Graybill passed away. The Letters of Authority appointing her husband, Brian Graybill, as the administrator of her estate are attached hereto as **Exhibit 2**. On March 31, 2020, the Probate Division for the Court of Common Pleas of Wayne County, having reviewed the instant Joint Stipulation of Settlement and Release, granted Mr. Graybill the authority to settle the claims of the late Mrs. Graybill and to sign all necessary documents. *See* Entry authorizing Mr. Graybill to settle all claims as the Administrator of the late Mrs. Graybill's Estate, attached hereto as **Exhibit 3**.

EXHIBIT A

9. On November 13, 2018, Representative Plaintiff filed this Action against Defendant on behalf of herself and other similarly situated current and former employees of Defendant alleging overtime violations under the Fair Labor Standards Act ("FLSA").

10. In the Action, Representative Plaintiff alleged that Defendant failed to include non-discretionary incentive payments in its hourly employees' regular rates of pay for purposes of computing overtime compensation, and that Defendant calculated its hourly employees' compensable hours worked by using a rounding policy that resulted in unpaid overtime wages.

11. Defendant answered the Plaintiffs' Complaint and denied any liability or wrongdoing of any kind.

12. Plaintiffs believe that the Action is meritorious based on alleged violations of the FLSA, and that the Action is appropriate for collective treatment. Defendant denies these allegations. The Parties agree that bona fide disputes exist between the Parties, including whether Plaintiffs are entitled to their claimed overtime compensation under FLSA or any other federal, state or local laws or regulations.

13. The Court granted the Parties' Revised Joint Motion and Stipulation of Conditional Certification on March 5, 2019.

14. The Parties worked towards reaching an early resolution of this case. To that end, Defendant produced payroll data necessary for a calculation of alleged damages for each of the Plaintiffs. Plaintiffs shared their damages calculation with Defendant. Defendant performed its own calculation of alleged damages, which it shared with Plaintiffs.

15. The Parties settled this matter on November 22, 2019.

16. It is the desire of the Parties to fully, finally, and forever settle, compromise, and discharge all Released Claims (defined herein) for the Release Period (defined herein).

17. Plaintiffs' Counsel represents that they have conducted a thorough investigation into the facts of this Action, and have diligently pursued an investigation of Plaintiffs' claims against Defendant, including researching the applicable law and the potential defenses. Based on their own independent investigation and evaluation, Plaintiffs' Counsel is of the opinion that the Settlement is fair, adequate and reasonable and is in the best interest of the Plaintiffs in light of all known facts and circumstances, including the risk of significant delay and Defendant's defenses. Defendant agrees that the Settlement is fair, adequate and reasonable.

18. This Settlement represents a compromise of disputed claims. Nothing in this Settlement is intended or will be construed as an admission by Defendant that Plaintiffs' claims in the Action have merit or that Defendant has any liability to Plaintiffs on those claims.

## SETTLEMENT PAYMENTS

19. **Total Settlement Amount:** The total settlement amount is $41,610.51 ("Total Settlement Amount"), which sum will cover: (a) all of the individual payments to the Plaintiffs;

(b) Representative Plaintiff's service payment; and (c) Plaintiffs' Counsel's attorneys' fees and expenses.

20.  **Individual Payments to Plaintiffs:** $14,110.51 of the Total Settlement Amount will be divided into individual payments to the Plaintiffs as set forth in **Exhibit 1**.

21.  **Calculation of Individual Payments:** Individual payments to the Plaintiffs are based on each Opt-in Plaintiff's allegedly underpaid overtime during the period of February 20, 2016 through May 24, 2019.  Payments to the individual Plaintiffs include an estimated 100% of their allegedly underpaid overtime during that period resulting from Defendant's alleged failure to include non-discretionary incentive payments in its hourly employees' regular rates of pay, and Defendant's rounding policy.  Payments to the individual Plaintiffs also include amounts allegedly owed to Plaintiffs resulting from Defendant's failure to compensate Plaintiffs for meal periods lasting less than thirty minutes.   In addition, payments to each Plaintiff include an estimated 50% of the gross amount of their allegedly unpaid overtime for liquidated damages.

22.  **Treatment of Individual Payments:** Amounts paid to Plaintiffs for allegedly underpaid overtime (as identified in **Exhibit 1**) will be treated as payment for wages, and the amounts paid to Plaintiffs for liquidated damages (as identified in **Exhibit 1**) will be treated as a non-wage payment.  Defendant will withhold the employee's share of employment taxes and will issue to each Plaintiff an IRS Form W-2 for all amounts paid as wages under this Settlement, and will issue an IRS Form 1099-Misc. for all amounts paid as liquidated damages under this Settlement.  Defendant will determine the proper tax withholding amounts on the W-2 payments in accordance with each Plaintiff's previously elected wage withholding instructions, and Defendant is responsible for payment of the employer's share of payroll taxes required by law.  The Plaintiffs agree to pay all taxes, if any, which may be deemed owing on any 1099-Misc. payments under this Agreement.

23.  **Representative Plaintiff Payment:** In addition to her individual payment, a service payment of $2,000 of the Total Settlement Amount will be paid to Representative Plaintiff. Defendant will issue to Representative Plaintiff a Form 1099 with respect to the Service Payment.

24.  **Plaintiffs' Counsel's Attorneys' Fees and Expenses:**  $25,500.00 of the Total Settlement Amount will be paid to Plaintiffs' Counsel for attorneys' fees and expenses ($24,242.43 in fees and $1,257.57 in expenses) incurred in the Action.  Plaintiff's counsel will provide Defendant with a completed IRS form W-9, and Defendant will issue to Plaintiffs' Counsel a Form 1099-Misc. with respect to the attorneys' fees and expenses.

## RELEASE OF CLAIMS

25.  **Released Claims:**  Subject to approval of this Settlement by the United States District Court for the Northern District of Ohio, Eastern Division Plaintiffs hereby forever release Defendant from all individual, class, and/or collective federal and state wage-and-hour claims, whether known or unknown, that were or could have been brought under FLSA or Ohio Rev. Code 4111 et seq., and/or other Federal, State, and local law whether the claims are brought or could have been brought in Court or through arbitration pursuant to a collective bargaining agreement,

EXHIBIT A

that were asserted in the Action or that relate to, or arise from, the Defendant's alleged failure to include non-discretionary incentive payments in regular rate, Defendant's utilization of a rounding policy or Defendant's alleged failure to compensate employees for meal periods lasting less than thirty minutes, including but not limited to claims for unpaid wages, unpaid overtime compensation, compensatory damages, liquidated damages, punitive damages, or any other item of damages, interest, attorneys' fees, and expenses and agree that any payments approved by the Court will be the full, final and complete payment of all attorneys' fees, costs and expenses associated with their representation in the Action (collectively, "Released Claims"). Defendant shall have no additional liability for any fees and costs associated with the Action.

26.     **Released Period:** The Released Period shall mean the period commencing three years prior to the date the Action was filed, through and including the date on which the Court approves the Settlement.

27.     **Release of Attorneys' Fees and Expenses:** The payment of attorneys' fees and expenses to Plaintiffs' Counsel includes all of the attorneys' fees and expenses incurred to date and to be incurred in documenting the Settlement, securing Court approval of the Settlement, and obtaining a dismissal of the Action.  In consideration for these attorneys' fees and expenses, Plaintiffs' Counsel waives any and all claims to any further attorneys' fees and expenses in connection with the Action.

28.     **Effect of Final Judgment.**  The entry of final judgment in the Action shall release all claims set forth in this section of the Settlement.

## APPROVAL AND DISMISSAL OF THE ACTION

29.     **Cooperation:** The Parties will agree to cooperate and take all steps necessary and appropriate to obtain approval of the Settlement by the District Court, to effectuate its terms, and to dismiss the action with prejudice.

30.     **Fair, Adequate and Reasonable Settlement:** The Parties will agree that the Settlement is fair, adequate, and reasonable, and will so represent to the District Court.

31.     **Joint Motion for Approval of Settlement:** Within seven days of the execution of this Agreement, the Parties will jointly move the District Court for entry of an order, proposed and attached as **Exhibit B** to the Parties' Joint Motion For Approval of Settlement and Stipulation of Dismissal with Prejudice, granting approval of the Settlement, approving the amounts payable to Plaintiffs and Plaintiffs' Counsel, and entering judgment dismissing the Action with prejudice.

32.     **Dismissal With Prejudice of the Action:** Upon entry of the District Court's approval order, the Action shall be dismissed with prejudice and final judgment shall be entered, with each Party bearing its own costs.

## SETTLEMENT ADMINISTRATION

EXHIBIT A

33.    **Distribution of Individual Payments to Plaintiffs:** Within fifteen business days after the District Court grants approval of the Settlement, Defendant will issue the individual payment checks payable to the Plaintiffs pursuant to Paragraph 20 herein via direct deposit, hand-delivery, or First-Class Mail.  All individual payments shall remain negotiable for a six month period after the date of each distribution. If any individual payment checks are returned as undeliverable to Defendant, Defendant will mail the checks to Plaintiffs' Counsel who will make reasonable efforts to locate the Plaintiffs and redeliver the checks.  Any checks that become lost during the six month period after distribution will be reissued without charge if the Plaintiff requesting reissuance certifies in writing that the check has been lost and will be destroyed or returned to Defendant if found after the replacement check is issued. Any amounts not cashed after six months of distribution of the Settlement checks shall be retained by Defendant.

34.    **Distribution of Payments to Representative Plaintiff and Plaintiffs' Counsel:** Defendant will issue a check payable to Plaintiffs' Counsel for the attorneys' fees and expenses within twenty one days of the Court's entry of an Order approving the Settlement, and will issue payment to Representative Plaintiff within twenty one days of the Court's entry of an Order approving the Settlement.

## PARTIES' AUTHORITY

35.    The respective signatories to the Settlement represent that they are fully authorized to enter into this Settlement and bind the respective Parties to its terms and conditions.

## MUTUAL FULL COOPERATION

36.    The Parties and their respective counsel agree to cooperate fully with each other to accomplish the terms of this Settlement, including but not limited to, execution of such documents and such other actions as may reasonably be necessary to implement the terms of this Settlement. The Parties shall use their best efforts, including all efforts contemplated by this Settlement and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate the terms of this Settlement.

## NO PRIOR ASSIGNMENTS

37.    The Parties and Plaintiffs' Counsel represent, covenant and warrant that they have not directly or indirectly, assigned, transferred, encumbered or purported to assign, transfer or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action or right released and discharged in this Settlement.

## NO ADMISSION OF LIABILITY

38.    Nothing contained in this Settlement shall constitute or be construed or deemed as an admission of liability, culpability, negligence or wrongdoing on the part of Defendant, and Defendant denies any such liability.  Each Party has entered into this Settlement with the intention to avoid further disputes and litigation with the attendant inconvenience and expenses.

EXHIBIT A

## NO ADMISSION OF CLASS LIABILITY

39.    The Parties agree that this Agreement does not constitute, shall not be construed to be, and shall not be cited in or be admissible in any proceeding as evidence of a determination or admission that any group of similarly-situated employees exists to maintain a collective action under the FLSA or a class action under Rule 23 of the Federal Rules of Civil Procedure.

## CONSTRUCTION

40.    The Parties agree that the terms and conditions of this Settlement are the result of lengthy, intensive arms-length negotiations between the Parties and that this Settlement shall not be construed in favor of or against any Party by reason of the extent to which any Party participated in the drafting of this Settlement.

## MODIFICATION

41.    This Agreement may not be changed, altered or modified, except in writing, signed by counsel for the Parties, and approved by the Court.  This Agreement may not be discharged except by performance in accordance with its terms or by a writing signed by counsel for the Parties.  Notwithstanding the foregoing sentences, without further Order of the Court, the Parties may agree in writing to extensions of time to carry out any of the provisions of this Agreement.

## INTEGRATION CLAUSE

42.    This Settlement contains the entire agreement between the Parties, and all prior or contemporaneous agreements, understandings, representations and statements, whether oral or written and whether by a Party or such Party's legal counsel, relating to the resolution of the Action, are merged in this Settlement.  No rights under this Settlement may be waived except in writing signed by the Parties.

## BINDING ON ASSIGNS

43.    This Settlement shall be binding upon and inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors and assigns.

## COUNTERPARTS

44.    This Settlement may be executed in counterparts, and may be signed electronically via PDF.  When each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Settlement, which shall be binding upon and effective as to all Parties.  Electronic and facsimile transmissions of this Settlement shall be deemed originals.

## BREACH

EXHIBIT A

45.     If either Party breaches any of the terms and conditions of this Settlement, the non-breaching Party shall be entitled to reasonable attorneys' fees and expenses incurred to enforce the terms and conditions contained herein.

## JURISDICTION

46.     The parties will request that the Court expressly retain jurisdiction to enforce the terms of the Settlement.

## GROUP SIGNATORIES

47.     Representative Plaintiff executes this Settlement on behalf of herself and in her representative capacity on behalf the Plaintiffs.  It is agreed that it is burdensome to have all of the Plaintiffs execute this Agreement.  This Agreement shall have the same force and effect as if each Plaintiff executed this Agreement.

IN WITNESS WHEREOF, the undersigned have duly executed this Agreement as of the date indicated below:

Dated: _Apr 23, 2020_____

BEVERLEY GRAYBILL, by Brian Graybill as the Administrator of the Estate of Beverley Graybill

_Brian Graybill_____
Representative Plaintiff, Individually
and on Behalf of Beverley Graybill and the Plaintiffs

Dated: _4/27/2020_____

TEKFOR, INC.

By: _____
Its: _President + Managing Director_

Dated: _4/23/2020_____

PETER A. CONTRERAS
_____
Attorney for Plaintiffs

Dated: _4/23/20_____

CRITCHFIELD, CRITCHFIELD & JOHNSTON, LTD.

By: _____
J. Douglas Drushal
Attorney for Defendant

7

EXHIBIT A

**Exhibit 1**

| Name | Payment 1 (Subject to Withholding) | Payment 2 (Liquidated Damages) |
|---|---|---|
| Robin Bailey | $0 | $0 |
| Shauntrel Campbell | $1,044.70 | $1,044.70 |
| Bruce Crenshaw | $884.82 | $884.82 |
| Timothy Davis | $0 | $0 |
| Kimberly Fox | $296.57 | $296.57 |
| Kenneth Graden II | $0 | $0 |
| Beverley Graybill | $2,486.95 | $2,486.94 |
| Charles Jurenec | $0 | $0 |
| Kevin Mullens | $0 | $0 |
| Derek Noble | $2,063.47 | $2,063.47 |
| Anthony Rose | $86.15 | $86.15 |
| James Rufener | $192.60 | $192.60 |
| Shirley Smith | $0 | $0 |

EXHIBIT A

# EXHIBIT 2

Perfect Form. F.4.5A

# PROBATE COURT OF WAYNE COUNTY, OHIO
## Latecia E. Wiles, Probate Judge

ESTATE OF Beverley Graybill _____, DECEASED

CASE NO. __2020 PB-E 000185__

# ENTRY APPOINTING FIDUCIARY; LETTERS OF AUTHORITY
[For Executors and all Administrators]

Name and Title of Fiduciary Brian C. Graybill _____

Administrator _____

    On hearing in open Court the application of the above fiduciary for authority to administer decedent's estate, the Court finds that;

    Decedent died **[check one of the following]** ☐ testate - ☒ intestate - on December 27, 2019 ____, domiciled in Wooster City, OH _____

    **[Check one of the following]** ☐ Bond is dispensed with by the Will - ☒ Bond is dispensed with   - ☐ Applicant has executed and filed an appropriate bond, which is approved by the Court; and

    Applicant is a suitable and competent person to execute the trust.

    The Court therefore appoints applicant as such fiduciary, with the power conferred by law to fully administer decedent's estate. This entry of appointment constitutes the fiduciary's letters of authority.

_____       _____

02/22/2020

Date                               PROBATE JUDGE

                                      Latecia E. Wiles, Probate Judge

## CERTIFICATE OF APPOINTMENT AND INCUMBENCY

    The above document is a true copy of the original kept by me as custodian of the records of this Court. It constitutes the appointment and letters of authority of the named fiduciary, who is qualified and acting in such capacity.

                                            LATECIA E. WILES

                                    _____

                                    Probate Judge / Clerk

                                    Latecia E. Wiles, Probate Judge

[Seal]                          by_____

                                        2-24-2020

                                    Date

FORM 4.5 - ENTRY APPOINTING FIDUCIARY; LETTERS OF AUTHORITY

Filed on 02/24/2020 09:21 AM in Wayne County, Ohio

# EXHIBIT 3

**IN THE COURT OF COMMON PLEAS OF WAYNE COUNTY, OHIO**
**PROBATE DIVISION**
**JUDGE LATECIA E. WILES**

In Re:  The Estate of                     :          CASE NO. 2020 PB-E 000185
Beverley Graybill
                                          :          ENTRY

Upon consideration of the Application of Brian C. Graybill, Administrator, for authority to compromise and settle a claim in behalf of decedent's estate and for good cause shown, notice of the hearing of said Application  is hereby dispensed with and the Application is hereby granted.

IT IS ORDERED that the Administrator be and hereby is authorized to compromise and settle said claim and to sign all documents that may be required including a Joint Stipulation of Settlement and Release.

03/31/2020
_____
Judge Latecia E. Wiles

APPROVED:

_____
Morris Stutzman, #0011375
Attorney for the Estate

Filed on 04/03/2020 01:25 PM in Wayne County, Ohio